918 586 0855　MID-CONTINENT GROU　MID-CONTINENT GROUP　12:33:08 p.m.　11-12-2010　2/8
918 586 0855　MID-CONTINENT GROU　MID-CONTINENT GROUP　05:17:09 p.m.　11-09-2010　9/15
Case 1:10-cv-00740-TH　Document 1-1　Filed 11/18/10　Page 1 of 7

CAUSE NO. A188-712

| | | |
|---|---|---|
| MATERIALS EVALUATION AND TECHNOLOGY CORPORATION<br>　　Plaintiff, | § § § § § § § § § § | IN THE DISTRICT COURT OF<br><br>JEFFERSON COUNTY, TEXAS<br><br>58th JUDICIAL DISTRICT |
| v. | | |
| MID-CONTINENT CASUALTY COMPANY<br>　　Defendant. | | |

### PLAINTIFF MATERIALS EVALUATION AND TECHNOLOGY CORPORATION'S ORIGINAL PETITION FOR DAMAGES AND DECLARATORY JUDGMENT

Plaintiff Materials Evaluation and Technology Corporation (METCO) files this Original Petition against Mid-Continent Casualty Co. and would respectfully show the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

1. Plaintiffs intend that discovery in this matter be governed by the Level 2 discovery control plan. *See* TEX. R. CIV. PROC. 190.3.

### II.
### PARTIES

2. Plaintiff METCO is a Texas corporation with its principal place of business at 10980 Metronome, Houston, Texas 77043.

3. Defendant Mid-Continent is an Oklahoma corporation doing business in Texas and may be served with process at its Houston office at 3100 S. Gessner Road, Houston, Texas 77063.


EXHIBIT A

11/09/2010　3:33PM (GMT-06:00)

## III.
## JURISDICTION AND VENUE

4. This Court has jurisdiction over the action for declaratory judgment pursuant to the Texas Civil Practice & Remedies Code §37.003 which authorizes declaratory relief. This Court has subject matter jurisdiction over this dispute because the amount in controversy is within the jurisdictional limits of this Court. *See* TEX. GOV. CODE §§ 24.007–24.008. This Court has personal jurisdiction over the Defendant because it is doing business in this state, including by contracting with a Texas resident to perform the contract in whole or in part in Texas, and by committing a tort in whole or in part in Texas. *See* TEX. CIV. PRAC. & REM. CODE. § 17.042.

5. Venue is proper in Jefferson County, Texas. Specifically, venue is proper in Jefferson County under the general venue rule because all or a substantial part of the events or omissions occurred in this County as more fully described below. TEX. CIV. PRAC. & REM. CODE ANN. §15.002.

## IV.
## FACTS

6. METCO and Mid-Continent entered into the Commercial General Liability Coverage Agreement on May 21, 2003. Under this agreement, Mid-Continent pledged to "pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies."

7. METCO and E.I. du Pont de Nemours entered into an agreement on February 25, 2003 under which METCO agreed to provide DuPont with certain

2

918 586 0855  MID-CONTINENT GROU   MID-CONTINENT GROUP   12:33:44 p.m.   11-12-2010   4/8
918 586 0855  MID-CONTINENT GROU   MID-CONTINENT GROUP   05:17:51 p.m.   11-09-2010   11/15
Case 1:10-cv-00740-TH   Document 1-1   Filed 11/18/10   Page 3 of 7

materials testing services at various DuPont facilities. In 2005, two former METCO employees filed a personal injury action against DuPont for injuries they sustained performing testing services for METCO at DuPont facilities. DuPont claims it settled this suit for approximately $300,000.

8. DuPont filed an action against METCO in the 172nd Judicial District in Jefferson County, alleging that METCO breached their agreement by not defending and indemnifying DuPont in the personal injury suit. DuPont also alleged that METCO breached their agreement by not naming DuPont as an additional insured entitled to coverage under METCO's Mid-Continent insurance policy. DuPont is seeking to recover the approximately $300,000 it paid to settle the personal injury suit and $419,567.28 in attorney's fees.

9. METCO promptly submitted its claim for indemnity and defense of the Texas litigation to Mid-Continent. On July 21, 2010, Mid-Continent rejected this claim, stating, "[W]e have determined that there is no coverage afforded to [METCO] under the policy for the allegations in the lawsuit."

10. However, the General Liability Coverage Agreement provides that Mid-Continent "will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies. We will have the right and duty to defend the insured against any 'suit' seeking those damages."

11. It is indisputable that the DuPont lawsuit seeks "damages because of 'bodily injury.'" The injuries DuPont seeks reimbursement for are injuries sustained by METCO employees during and in the course of their employment with METCO,

3

918 586 0855   MID-CONTINENT GROU   MID-CONTINENT GROUP   12:34:07 p.m.   11-12-2010   5/8
Case 1:10-cv-00740-TH   Document 1-1   Filed 11/18/10   Page 4 of 7
918 586 0855   MID-CONTINENT GROU   MID-CONTINENT GROUP   05:18:13 p.m.   11-09-2010   12/15

and during a period of time in which METCO was covered by its policy with Mid-Continent. These facts are "reasonably clear" and are not in dispute.

12. Nonetheless, Mid-Continent continues to refuse to meet its unequivocal obligations under its agreement with METCO. This has forced METCO to shoulder the costs of its defense. These costs rise with each day that Mid-Continent refuses to honor its policy with METCO.

## V.
## CLAIMS FOR RELIEF

A. **Declaratory Relief**

13. A justiciable controversy exists between the parties regarding Mid-Continent's obligations under the insurance agreement.

14. Pursuant to Section 37.004 of the Texas Civil Practice and Remedies Code, METCO seeks declaratory judgment regarding its rights under the insurance agreement.

15. Based on the foregoing, METCO seeks a declaration that under its Commercial General Liability Coverage Agreement with Mid-Continent, Mid-Continent is required to defend METCO against any claims by DuPont seeking reimbursement for the settlement it paid to METCO employees who sustained personal injuries.

B. **Texas Insurance Code**

16. All of the preceding paragraphs are hereby incorporated by reference.

17. METCO is a "person" as defined by § 541.002(2) of the Texas Insurance Code.

4

918 586 0855   MID-CONTINENT GROU   MID-CONTINENT GROUP   12:34:26 p.m.   11-12-2010   6/8
Case 1:10-cv-00740-TH   Document 1-1   Filed 11/18/10   Page 5 of 7
918 586 0855   MID-CONTINENT GROU   MID-CONTINENT GROUP   05:18:31 p.m.   11-09-2010   13/15

18. Mid-Continent is a "person" as defined by § 541.002(2) of the Texas Insurance Code.

19. Mid-Continent has violated § 541.060 of the Texas Insurance Code by engaging in unfair settlement practices.

20. Mid-Continent's practices were and continue to be a producing cause of METCO's actual damages.

C. DTPA

21. All of the preceding paragraphs are hereby incorporated by reference.

22. METCO is a "consumer" under the DTPA because it is a corporation who acquired services by purchase.

23. Mid-Continent is a corporation that can be sued under the DTPA.

24. Mid-Continent violated the DTPA when it used or employed an act or practice in violation of the Texas Insurance Code § 541. Specifically, Mid-Continent has violated § 541.060 of the Texas Insurance Code by engaging in unfair settlement practices.

25. Mid-Continent's practices were and continue to be a producing cause of METCO's actual damages.

26. METCO seeks recovery of unliquidated damages within the jurisdictional limits of this court.

B. Bad Faith

27. All of the preceding paragraphs are hereby incorporated by reference.

28. METCO had a valid and enforceable insurance contract with Mid-Continent which created a duty of good faith and fair dealing.

5

918 586 0855    MID-CONTINENT GROU    MID-CONTINENT GROUP    12:34:49 p.m.    11-12-2010    7/8
Case 1:10-cv-00740-TH   Document 1-1   Filed 11/18/10   Page 6 of 7
918 586 0855    MID-CONTINENT GROU    MID-CONTINENT GROUP    05:18:49 p.m.    11-09-2010    14/15

29. Mid-Continent breached its duty of good faith and fair dealing by denying METCO's claim even though Mid-Continent's liability is reasonably clear.

30. As a result of Mid-Continent's breach, METCO has incurred and continues to incur damages.

C. **Attorney Fees**

31. All of the preceding paragraphs are hereby incorporated by reference.

32. As a result of Mid-Continent's refusal to honor its policy, METCO has incurred and will continue to incur reasonable and necessary attorney's fees in the prosecution of this action.

33. METCO seeks reimbursement of its reasonable and necessary attorney's fees, expenses, and costs incurred in this matter pursuant to § 37.009 and § 38.001 of the Texas Civil Practice & Remedies Code.

D. **Conditions Precedent**

34. All conditions precedent to METCO's recovery have been satisfied.

## VI.
## JURY DEMAND

35. Pursuant to Section 37.007 of the Texas Civil Practice & Remedies Code and Rule 216 of the Texas Rules of Civil Procedure, METCO make this written request for trial by jury of all issues so triable, and have tendered the required jury fee.

## VII.
## PRAYER

36. METCO respectfully prays that the that Mid-Continent be cited to appear and that upon final hearing of this cause, this Court:

918 586 0855  MID-CONTINENT GROU  MID-CONTINENT GROUP  12:35:16 p.m.  11-12-2010  8/8
918 586 0855  MID-CONTINENT GROU  MID-CONTINENT GROUP  05:19:07 p.m.  11-09-2010  15/15
Case 1:10-cv-00740-TH  Document 1-1  Filed 11/18/10  Page 7 of 7

A. Declare that under METCO's Commercial General Liability Coverage Agreement with Mid-Continent, Mid-Continent is required to defend METCO against any suit by DuPont seeking reimbursement for the settlement it paid to METCO employees who sustained personal injuries

B. Award METCO actual damages in all forms and fashion, including the amounts METCO has been forced to pay with respect to its own defense in all actions concerning DuPont;

C. Award pre-judgment and post-judgment interest at the maximum lawful rate;

D. Award punitive or exemplary damages without regard to any limitation on these damages;

E. Award attorneys' fees, costs, expenses, and expert witness fees incurred to bring this case, and any and all appeals of this case.

F. Such other and further relief to which METCO may be justly entitled at law or in equity.

Respectfully Submitted,

AHMAD, ZAVITSANOS & ANAIPAKOS, P.C.

Amir Alavi
State Bar No. 00793239
Steven J. Mitby
State Bar No. 24037123
1221 McKinney Street, Suite 3460
Houston, TX 77010
Telephone: (713) 655-1101
Telecopier: (713) 655-0062

John Werner
State Bar No. 00789720
Reaud, Morgan & Quinn LLP
801 Laurel Beaumont, Texas 77701

ATTORNEY FOR PLAINTIFF MATERIALS EVALUATION AND TECHNOLOGY CORPORATION