# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | | |
|---|---|---|
| MATERIALS EVALUATION AND | § | |
| TECHNOLOGY CORPORATION | § | |
| | § | |
| v. | § | NO. 1:10-CV-740 |
| | § | |
| MID-CONTINENT CASUALTY | § | |
| COMPANY | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This insurance coverage dispute concerns Plaintiff Materials Evaluation and Technology Corporation's (METCO) claims that Defendant Mid-Continent Casualty Company (Mid-Continent) has a duty to defend and indemnify METCO in an underlying lawsuit between METCO and E.I. du Pont de Nemours (DuPont). METCO also alleges various causes of action arising from Mid-Continent's failure to provide such coverage. Pending are Mid-Continent's "Motion for Summary Judgment" (Docket No. 45) and METCO's "Motion for Partial Summary Judgment" (Docket No. 51).

On October 21, 2011, the court entered an order (Docket No. 62) referring the motions to United States Magistrate Judge Zack Hawthorn. The court has considered and received the report (Docket No. 68) of the magistrate judge, who recommends that the court grant Mid-Continent's motion for summary judgment and deny METCO's motion for partial summary judgment. The magistrate judge made the following recommendations: (1) Mid-Continent's duty to defend is controlled by the version of the METCO-Mid-Continent policy that became effective on July 18, 2003; (2) the employers' liability exclusion endorsement is applicable and excludes coverage for METCO's claim that Mid-Continent has a duty to defend METCO against DuPont; (3) Mid-

Continent does not have a duty to indemnify METCO because there is no genuine dispute with respect to this issue; and (4) there is no genuine dispute regarding METCO's remaining claims against Mid-Continent.

On December 28, 2011, METCO filed its "Objections" (Docket No. 69) to the magistrate judge's report and recommendation. METCO asserts four objections: (1) the employers' liability exclusion endorsement is inapplicable; (2) Mid-Continent owes a duty to defend; (3) there is a genuine dispute regarding whether Mid-Continent has a duty to indemnify METCO; and (4) there is a genuine dispute regarding METCO's claims for breach of the duty of good faith and fair dealing, violation of the Texas Deceptive Trade Practices Act, and violation of the Texas Insurance Code. (METCO's Objection 1-2, Docket No. 69.) METCO's objections are virtually identical to the arguments asserted in its motion for partial summary judgment and its response to Mid-Continent's motion for summary judgment. (See id. at 2-6.)

Pursuant to METCO's objections, the court has conducted a de novo review of the above issues. See 28 U.S.C. § 636; Fed. R. Civ. P. 72(b)(3). The court notes that METCO does not object to the magistrate judge's recommendations that METCO's claims for breach of contract and reformation (fraud and mistake) should be dismissed, so the court does not address these claims. See Fed. R. Civ. P. 72(b)(3). After careful consideration, the court concludes that the magistrate judge correctly determined that Mid-Continent's motion for summary judgment should be granted and that METCO's motion for partial summary judgment should be denied. Accordingly, METCO's objections are without merit.

The primary issue regarding METCO's objections is whether the employers' liability exclusion endorsement is applicable. (See METCO's Objections 2.) The endorsement states that

it excludes coverage for METCO's liability arising from bodily injury sustained by a METCO employee in the course of employment. (METCO's Resp. Mid-Continent's Mot. Summ. J., Ex. F MCC57.) The employers' liability exclusion endorsement is relevant because the claims in the DuPont-METCO lawsuit arise from bodily injuries sustained by METCO employees.

METCO argues that the endorsement is inapplicable because Mid-Continent allegedly attached the endorsement to the version of the Mid-Continent-METCO policy that became effective on July 18, 2003, without notifying METCO of the endorsement. (METCO's Objections 2-3, Docket No. 69.) METCO asserts that "[a]bsent a specific agreement to the contrary, policy renewals must be on the same terms and conditions as the previous policy." (Id. at 3.) Having reviewed the cases that METCO cites for this assertion, the court finds that the cases do not support METCO's blanket assertion and are factually distinguishable from the present case. See Harbor Ins. Co. v. Urban Contr. Co., 990 F.2d 195, 201 (5th Cir. 1993); Patel v. Northfield Ins. Co., 940 F.Supp. 995, 1000 (N.D. Tex. 1996); Cont'l Cas. Co. v. Allen, 710 F.Supp. 1088, 1094 (N.D. Tex. 1989). The court further notes that the version of the policy that became effective on July 18, 2003, explicitly states that the employers' liability exclusion endorsement is included and changes the policy. Therefore, the court finds that the employers' liability exclusion endorsement is applicable.

METCO's remaining objections are premised on the theory that the endorsement is inapplicable. All three objections are without merit because the endorsement is applicable. Furthermore, METCO's claims are dismissed because METCO failed to meet its respective summary-judgment burdens.

First, METCO failed to meet its burden of establishing an exception to the employers' liability exclusion endorsement. See Guar. Nat'l Ins. Co. v. Vic Mfg. Co., 143 F.3d 192, 193 (5th

Cir. 1998). Accordingly, Mid-Continent does not have a duty to defend METCO in the DuPont-METCO lawsuit.

Second, METCO failed to show a genuine dispute regarding its claim that Mid-Continent has a duty to indemnify METCO in the DuPont-METCO lawsuit. The employers' liablity exclusion endorsement, by its plain language, would exclude coverage even if METCO is held liable in the DuPont-METCO lawsuit. See Colony Ins. Co. v. Peachtree Constr., Ltd., 647 F.3d 248, 252, 253 n.2, 254-55 (5th Cir. 2011) (discussing circumstances in which an insurer's duty to indemnify may be ascertained before liability is established). Moreover, when Mid-Continent moved for summary judgment on this claim, METCO failed to address Mid-Continent's argument in its response. For these reasons, Mid-Continent does not have a duty to indemnify METCO in the underlying lawsuit.

Finally, there is no genuine dispute regarding METCO's claims for breach of the duty of good faith and fair dealing, violation of the Texas Insurance Code, and violation of the Texas Deceptive Trade Practices Act. METCO argues that these claims are viable because Mid-Continent should have known that the employers' liability exclusion endorsement was inapplicable, and therefore, its liability was reasonably clear. (METCO's Objections 5, Docket No. 69.) However, METCO failed to produce any summary judgment evidence to support these claims. Thus, these claims are also dismissed. See Fed. R. Civ. P. 56; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). For the reasons discussed above, it is, therefore, **ORDERED** that METCO's "Objections" (Docket No. 69) is **DENIED**, the report and recommendation (Docket No. 68) of the magistrate judge is **ADOPTED**, and METCO's claims are **DISMISSED with prejudice.**

**SIGNED** this the 17 day of **January, 2012.**

Thad Heartfield
United States District Judge